IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIGUEL MONICO, an individual, and
SHAWN WATTS, an individual,

        Plaintiffs,                        No. 03:13-cv-02129-HZ

      v.

CITY OF CORNELIUS, a municipality of       OPINION & ORDER
the State of Oregon; ROB DRAKE, in his
individual and official capacity; KEN
SUMMERS, in his individual and official
capacity; and JOE NOFFSINGER, in his
individual and official capacity,

        Defendants.

HERNANDEZ, District Judge:

      Plaintiffs Miguel Monico and Shawn Watts seek clarification and reconsideration of this Court's April 6, 2015 Opinion and Order granting in part and denying in part Defendants' summary judgment motion. I deny Plaintiff's clarification/reconsideration motion.

      Plaintiffs note that the April 6, 2015 Opinion failed to mention the alleged retaliatory

1 - ORDER

actions of Defendants by "threaten[ing]," "through their counsel" to "neither indemnify nor defend Plaintiffs should a civil lawsuit arise against them due to their testifying pursuant to a subpoena." Plfs.' Mtn for Clarif. at 3. Plaintiffs note that they raised this allegation in their Complaint and recited the relevant facts in their Memorandum filed in opposition to the summary judgment motion.

However, as with other allegations mentioned by Plaintiff in the background section of their Memorandum, this allegation was not cited in the argument/discussion section of Plaintiffs' Memorandum as one of the alleged retaliatory actions in support of the First Amendment retaliation claim. Compare Plfs.' Mem. at 7 (background) with Plfs' Mem. at 10-11 (one paragraph argument/discussion of alleged retaliatory acts other than the dissemination of Corruption Complaint in support of First Amendment retaliation claim); see also Apr. 6, 2015 Op. at 10 n.3 (noting another allegation of retaliation raised in the background section but not raised in argument section). Thus, this Court properly did not consider this alleged conduct to be asserted in support of the First Amendment retaliation claim.

Moreover, even if the allegation had been argued as basis for that claim, I grant summary judgment to Defendants because first, the conduct at issue was not an action taken by either of the Defendants named in the First Amendment claim and second, there is insufficient evidence to suggest causation.

The allegation relates to an email exchange in November 2013. Ex. 24 to Thenell Decl. Apparently, counsel for a defendant in a criminal case in Washington County subpoenaed some or all of the signatories to the Corruption Complaint to testify in a trial which was to include Officer DeHaven as a witness. Presumably, DeHaven was an officer involved in the criminal

matter. Counsel for the defendant in the criminal matter desired to impeach DeHaven at the trial with character evidence from Plaintiffs that DeHaven's credibility and integrity as a police officer fell below ethical standards. Id. at 2-3. The City of Cornelius and the City of Forest Grove contacted their counsel, Paul Elsner, about the subpoenas. Id. at 3-4. Elsner wrote to the criminal defendant's attorney to request that she provide a legal explanation and justification supporting the subpoenas. Id. In response, that attorney explained her desire to use the signatories to the Corruption Complaint to impeach DeHaven. Id.

The criminal attorney copied Plaintiffs' counsel on her response email to Elsner. Id. at 2. Plaintiffs' counsel responded, and copied Elsner, reminding counsel that he represented the four City of Cornelius officers who were subpoenaed and that he had instructed them to appear in response to the subpoena. Id. at 1-2. He also reminded Elsner that "Elsner and his office" did not represent "my clients nor can he, as that would be a clear conflict of interest." Id. at 2. "He [referring to Elsner] represents the City of Cornelius, but not my clients in their individual capacit[ies]." Id.

In response, Elsner wrote to Plaintiffs' counsel that because he (referring to Plaintiffs' counsel) was advising the four officers to appear in response to the subpoena, Elsner would not move to quash the subpoena in regard to those four witnesses. Id. at 1. He also told Plaintiffs' counsel that he (meaning Plaintiffs' counsel) might "want to explain to them that they are thus appearing on their own individually and not as Cornelius police officers." Id. "As such," he continued, "they will be doing so on their own time[.]" Id. He then instructed Plaintiffs' current counsel to tell the officers that "(in the unlikely event any civil litigation results from their appearance) they will not be able to seek indemnification, defense nor any other protection the

3 - ORDER

[Oregon Tort Claims Act] may afford them if they were acting as employees of the City." Id.

It is this last sentence that Plaintiffs now contend was an act of retaliation by Drake and Summers in response to Plaintiffs' alleged protected speech in providing the Corruption Complaint to Drake in October 2012. Claims under 42 U.S.C. § 1983 require the personal participation by the Defendant. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation."); Howard v. Or. Dep't of Corr., No. 06:10-cv-06390-AA, 2013 WL 4786483, at *3 (D. Or. Sept. 5, 2013) ("To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation).

Here, the alleged threat came from Elsner, not Drake or Summers. And, Elsner was acting as an attorney for the City of Cornelius, not for Drake or Summers. The City of Cornelius is not a Defendant in the First Amendment claim. Thus, this threat is not actionable retaliatory conduct in support of the First Amendment claim. Furthermore, it occurred approximately thirteen months after the alleged protected conduct. While timing alone can support an inference of causation, such timing must be "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) ("cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'"; suggesting that time periods of three and four months were insufficient). Plaintiffs offer no other evidence to indicate that Elsner's statements in his November 14, 2013 letter were in response to Plaintiff's October 17, 2012 speech. As such, Plaintiffs fail to create an issue of fact

on causation in regard to this alleged retaliatory conduct.

Finally, Plaintiffs request that the Court reconsider its Order on the issue of Plaintiffs' claims that Defendants violated Oregon's whistleblowing statute. But, Plaintiffs provide no reason for doing so. As explained in the April 6, 2015 Opinion, the claim is time-barred and nothing about Elsner's alleged retaliatory conduct affects that analysis.

## CONCLUSION

Plaintiffs' motion for clarification and reconsideration [63] is denied.

IT IS SO ORDERED.

Dated this 9 day of April, 2015

*Marco Hernandez*
Marco A. Hernandez
United States District Judge

5 - ORDER